**Barbara Mrzlak BRUNDO, Ed.D., Appellant,**

v.

**NEBRASKA CATHOLIC CONFERENCE, Mr. James R. Cummingham, Executive Director; Archdiocese of Omaha, Most Rev. Elden F. Curtiss, 100 N. 62nd St., Omaha, NE 68132; Christ the King Catholic School & Church, Rev. Steven Stillmunks, Registered Agent, 654 South 86th Street, Omaha, Nebraska 68114; Diocese of Lincoln, Most Rev. Fabian W. Bruskewitz, Chancery Office, 3400 Sheridan Boulevard, P.O. Box 80328, Lincoln, Nebraska 68501; Diocese of Grand Island, Most Rev. William J. Dendinger, P.O. Box 1531, 2708 Old Fair Road and/or 311 W. 17th Street, Grand Island, NE 68802, Appellees.**

No. 09–3084.

United States Court of Appeals, Eighth Circuit.

Submitted: March 10, 2010.

Filed: March 19, 2010.

Barbara Mrzlak Brundo, Ed.D., Omaha, NE, pro se.

Patrick M. Flood, Emily L. Jung, Hotz & Weaver, Omaha, NE, for Appellees.

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Barbara Brundo appeals the district court's[1] dismissal and imposition of sanc-

---

1. The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

tions under Fed.R.Civ.P. 11 in her employment-discrimination suit. Defendants have filed a motion for damages and costs under Fed. R.App. P. 38.

We find that the district court properly dismissed Brundo's complaint. *See Goss v. City of Little Rock,* 90 F.3d 306, 308 (8th Cir.1996) (de novo review of dismissal for failure to state a claim); *see also Bales v. Wal–Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir.1998) (liability under Title VII borne by employers, not individuals); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir.1994) (individuals are not subject to suit under ADEA); *Billingsley v. BFM Liquor Mgmt. Inc.,* 259 Neb. 992, 613 N.W.2d 478, 484 (2000) (NFEPA is modeled on ADEA). We also hold that Brundo has not given this court any reason to find that the district court abused its discretion in imposing sanctions under Rule 11, or that the amount the district court awarded was unreasonable. *See* Fed.R.Civ.P. 11(b), (c); *Clark v. United Parcel Serv., Inc.,* 460 F.3d 1004, 1008–11 (8th Cir.2006) (standard of review; describing Rule 11 procedures).

Accordingly, we affirm. *See* 8th Cir. R. 47B. Because we have determined that Brundo's appeal is wholly without merit, we grant defendants' Rule 38 motion, and award damages and costs in the requested amount of $4,783.50. *See* 28 U.S.C. § 1912 (when judgment is affirmed, court may, in its discretion, award just damages and costs to prevailing party); Fed. R.App. P. 38 (if court finds appeal frivolous, it may award just damages and single or double costs to appellees); *see also Newhouse v. McCormick & Co.,* 130 F.3d 302, 305 (8th Cir.1997) (per curiam order) (appeal is frivolous when result is obvious or when appellant's argument is wholly without merit).